FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DEC 22 2003

JAIME CEBALLOS,

      Plaintiff,

*R. Robert M. March*
CLERK

v.

No. CIV-03-1274 MCA/RHS

CHET T. EDWARDS,
JOEY ARANDA,
MARCELINO ROMERO,
in their individual capacity,

      Defendants.

### MEMORANDUM OPINION AND ORDER

      This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2), Fed.R.Civ.P. 12(b)(6), and 42 U.S.C. § 1997e(a), to review Plaintiff's complaint under 42 U.S.C. § 1983. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." *See also* Fed.R.Civ.P. 12(b)(6). Furthermore, under § 1997e(a), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

      Plaintiff may not pursue his claims unless he has exhausted available administrative remedies. The Supreme Court has ruled that exhaustion is required in all inmate cases. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). All of Plaintiff's claims

must be exhausted before they may be prosecuted in this Court. *Porter*, 534 U.S. at 532; *Booth*, 532 U.S. at 741 n.6; *and see Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (plaintiff must complete administrative process; "doctrine of substantial compliance does not apply"); *and see Beaudry v. Corrections Corp. of America*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003) ("The statutory exhaustion requirement of § 1997e(a) is mandatory, and the district court [is] not authorized to dispense with it.").

Plaintiff claims he has exhausted available remedies for purposes of the statute "by corroporating [sic] fully with corrections department investigators and law enforcement." This allegation is insufficient. "Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), *quoted in Gonzales-Liranza v. Naranjo*, No. 02-2110, 2003 WL 22255886 at *3 (10th Cir. Oct. 2, 2003); *and see Jernigan*, 304 F.3d at 1032. Here, Plaintiff makes no allegation that he followed available administrative procedures. "Nor is his argument that he gave notice of his claims to various Defendants by means other than the grievance process persuasive." *Jernigan*, 304 F.3d at 1032. Plaintiff did not exhaust administrative remedies before filing his complaint, and on consideration of the statutory language ("No action shall be brought . . . ."), § 1997e(a), his complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice for failure to exhaust administrative remedies; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), *cf. Mobley v. McCormick*, 40 F.3d 337, 339-40 (10th Cir. 1994), judgment will be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE

2